UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| ANTHONY WAYNE LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-63-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Anthony Wayne Lewis is an individual incarcerated in the Federal Correctional Institution in Ashland, Kentucky. Lewis has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee [R. 6]. Having reviewed the petition[1], the Court must deny relief because Lewis's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

On November 14, 2006, Lewis signed a written plea agreement in which he agreed to plead guilty to possession with intent to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Page eight of that agreement provides that:

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

> 13. ... The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise. ...

On March 1, 2007, the Court accepted Lewis's plea and sentenced him to two one hundred and twenty month terms of imprisonment on the drug trafficking and felon-in-possession counts, the terms to run concurrently with one another, and to a consecutive sixty month term on the count for use or possession of firearm in the commission of a drug trafficking offense. *United States v. Lewis*, No. 05-CR-00039-JGH-JDM-1 (W.D. Ky. 2005).

> In his present petition, Lewis contends that:
>
> The firearm statute forbids [the] district court from sentencing a criminal defendant under both the mandatory minimum sentence found in the firearm statute and another, greater mandatory minimum sentence in any other provision of law.

[R. 2 at 4, citing 18 U.S.C. § 924(c)(1)(A)]. The Sixth Circuit has recently so held in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the defendant received a mandatory minimum ten year sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and a mandatory minimum five year sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A). The five-year mandatory minimum sentence on the firearm charge was imposed consecutively, notwithstanding language in Section 924 which provides that such sentence is imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, ..." Following the Second Circuit's lead in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), the Sixth Circuit held that imposing a mandatory consecutive sentence on the firearm charge where the defendant is already subject to a greater mandatory minimum sentence violated the plain language of the statute. *Almany*, 598 F.3d at 241-

42.

Were Lewis's claim before the Sixth Circuit on direct appeal from his criminal conviction, the *Almany* decision might present a basis for relief. However, this Court must deny the petition because Lewis may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Here, Lewis's claim does not challenge the validity of his conviction, but only of the sentence imposed. A challenge only to the sentence imposed does not fall within the reach of the savings clause. *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum.").

In addition, a habeas petitioner's claim for relief must be predicated upon a decision of the United States Supreme Court, rather than a federal court of appeals. *Mans v. Young*, 36 F. App'x 766, 768 (6th Cir. 2002) ("The only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."). Because Lewis's claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Finally, Lewis expressly waived his right to collaterally attack his conviction or sentence in any post-conviction proceeding in the November 14, 2006, plea agreement. Courts routinely enforce such waivers to bar collateral attacks asserted in motions filed pursuant to Section 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and in habeas proceedings under Section 2241.

*See, e.g., Murrah v. Rivera*, No. 08-3712, 2009 WL 252095, at *3 (D.S.C. February 2, 2009). Because Lewis waived his right to challenge the calculation and imposition of his sentence in his plea agreement, he may not collaterally attack that sentence in this habeas proceeding under Section 2241. His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Lewis's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

Entered this 25th day of July,



Signed By:
Henry R Wilhoit Jr.
United States District Judge